IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BILAL AHROUCH, | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   No. 2:25-cv-02535-SHL-cgc |
| | ) |
| SALOUA BOULAKHRIF, | ) |
|    Respondent. | ) |

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

      Petitioner Bilal Ahrouch filed a verified petition under the International Child Abduction Remedies Act, seeking the return of his children to Germany. (ECF No. 11.) He alleged that his wife, Saloua Boulakhrif, wrongfully removed their children from Germany and fled to this district. (See generally ECF No. 11.) He requested an ex parte temporary restraining order to prevent Boulakhrif from leaving the district with their children. (ECF No. 8.) The Court granted the TRO based on Ahrouch's allegation in the verified petition that Boulakhrif was currently residing with her sister, Jamila Carvelli, and her brother-in-law, Chris Carvelli, in Collierville, Tennessee. (See ECF No. 14.) As part of the TRO, the parties were required to appear for a status conference on May 30, 2025. (Id. at PageID 45.)

      Ahrouch could not obtain service on Boulakhrif, so he served Mr. Carvelli with a subpoena to attend the conference. Neither Boulakhrif nor Mr. Carvelli appeared on May 30, but counsel for Mr. Carvelli appeared on his behalf. (ECF No. 17.) Mr. Carvelli's counsel indicated that Mrs. Carvelli had moved to Atlanta, and Mr. Carvelli would be joining her imminently. He also confirmed that Boulakhrif and the children temporarily lived with the Carvellis in late 2024, but they left the home that same year. Ahrouch requested that the Carvellis appear for a second status

conference so that he could cross examine them on the location of Boulakhrif and their children. He also requested that the Court extend the TRO until a date after the second status conference. The Court granted both requests and extended the TRO by one week to June 13. (ECF No. 17.)

The second status conference was held on June 10. Mr. Carvelli appeared in person, and Mrs. Carvelli appeared virtually, by Microsoft Teams. Both witnesses testified under oath that Boulakhrif and her children lived with them until November 2024, when she started renting a room at a nearby hotel. Neither witness had seen Boulakhrif or the children since December 2024, and they both testified that they do not know where she went or where she is now. Though Mrs. Carvelli still regularly speaks to Boulakhrif through WhatsApp, she testified that Boulakhrif refused to tell her their location. Mrs. Carvelli confirmed that she does not believe that Boulakhrif is still in this district. Both witnesses agreed to provide Ahrouch with Boulakhrif's WhatsApp contact information, and they did so after the conference.

The Court informed Ahrouch that it did not have jurisdiction to hear his petition if the children were not in the Western District of Tennessee. See 22 U.S.C. § 9003(a) (stating that a petitioner may commence an action "in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed"); Friedrich v. Friedrich, 983 F.2d 1396, 1400 (6th Cir. 1993) (citing Hague Convention, Art. 19). Ahrouch's counsel agreed but requested additional time to attempt to contact Boulakhrif. The Court extended the TRO to June 20, which was as long as permissible under Federal Rule of Civil Procedure 65(b)(2).

The same day the TRO expired, Ahrouch submitted a proposed order memorializing the testimony from the conference on June 10 and a separate proposed order dismissing his petition. Because the proof indicates that Ahrouch's children are not in this district, his petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 26th day of June, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
